# Exhibit A



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1522-CC00252 |
|---|---|
| Plaintiff/Petitioner:<br>CONNECTOR CASTINGS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RONALD JAY EISENBERG<br>640 CEPI DRIVE<br>STE A<br>CHESTERFIELD, MO 63005 |
| Defendant/Respondent:<br>SCREW PRODUCTS, INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: SCREW PRODUCTS, INC
    Alias: DBA SCREW PRODUCTS
BILL MARTHENS, PRESIDENT, OR
ANYONE IN CHARGE OF BUSINESS
1212 DOLTON DR, SUITE 302
DALLAS, TX 75207-2118

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**CITY OF ST LOUIS**

May 26, 2015
Date

_Thomas Kloeppinger_
Thomas Kloeppinger
Circuit Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____  _____
Printed Name of Sheriff or Server   Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)

_____
Signature and Title

**Service Fees, if applicable**
Summons $ _____
Non Est $ _____
Mileage $ _____ ( _____ miles @ $ _____ per mile)
Total $ _____

See the following page for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**1522-CC00252**

Electronically Filed - City of St. Louis - February 02, 2015 - 02:29 PM

IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS

| | |
|---|---|
| CONNECTOR CASTINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| SCREW PRODUCTS, INC. d/b/a ) | Division: |
| SCREW PRODUCTS, ) | |
| ) | JURY TRIAL DEMANDED |
| Serve: ) | |
| Bill Marthens ) | |
| President ) | |
| 1212 Dolton Drive, Suite 302 ) | |
| Dallas, TX 75207-2118 ) | |
| ) | |
| and ) | |
| ) | |
| JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

## CLASS ACTION PETITION

Plaintiff Connector Castings, Inc., brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendants Screw Products, Inc. d/b/a Screw Products and John Does 1-10.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a Missouri corporation with its principal place of business in the City of St. Louis, Missouri.

2. Defendant Screw Products, Inc. d/b/a Screw Products (Screw Products) is a corporation with its principal place of business in Texas.

3. Screw Products is not registered with the Missouri Secretary of

1

State to transact business in Missouri.

4. John Does 1-10 are not presently known and will be identified through discovery.

5. This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent an illegal fax into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, and/or Defendants otherwise have sufficient minimum contacts with this state.

6. Venue is proper under the TCPA and/or under Missouri Revised Statutes § 508.010.2(4).

### THE FAX

7. On or about January 21, 2015, Defendants used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 421-5433 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 1** (Fax).

8. The Fax advertised the commercial availability of property or goods, including anchors, bolts, nuts, rivets, rod & studs, screws, sockets, and washers.

9. On information and belief, in the past four years, Plaintiff has received at least one other unsolicited faxed advertisement from Screw Products.

10. A smaller version of the Fax from January 21, 2015, is pasted below:

2

01-21-2015 11:00 - 888-209-5134 To: Fastener Buyer. Pg-1



## SCREW PRODUCTS

Ph: 214-630-9393
Ph: 800-876-5153
Fax: 214-630-9494
Fax: 800-746-2688

**ANCHORS**

## Start saving today!

**BOLTS**

**LOW PRICE GUARANTEE**
5% OFF a valid competitor quote

**HARDWARE**

**Great Service**
100% Customer Satisfaction GUARANTEED

**NUTS**

**HUGE SELECTION**
Over 100,000 fasteners, hardware and related products

**RIVETS**

**FREE FREIGHT** available - **FAST DELIVERY**
1 or 2 day delivery to most of the US and Canada

**ROD & STUDS**

For **BIG DISCOUNTS**,
send quotes with estimated annual usages to
sales@screwproducts.com

**SCREWS**

*Warehouse Locations:*

**SOCKETS**

Ohio
239 E Helena Street
Dayton, Ohio 45404
800-876-5153

Texas
1212 Dolton Drive, Ste 302
Dallas, TX 75207
800-876-5153

**WASHERS**

www.screwproducts.com

To be removed from future promotions, please fax REMOVE to 800-746-2688 with company name and fax number on top of page

Ex. 1

11. The bottom of the Fax stated, "To be removed from future promotions, please fax REMOVE to 800-746-2688 with company name and fax number on top of page."

3

Electronically Filed - City of St. Louis - February 02, 2015 - 02:29 PM

12. The Fax did not include a telephone number, as opposed to a facsimile number, for the recipient to call to request no more future unsolicited faxed advertisements.

13. The Fax did not state how long after receipt of a removal request Plaintiff would be removed from future unsolicited advertisements.

## THE TCPA

14. Under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (individually and collectively hereafter, "TCPA"), any "unsolicited advertisement" sent to a "telephone facsimile machine" must meet three requirements: (1) the sender must have an "established business relationship" with the recipient; (2) the sender must have acquired the recipient's fax number either directly from the recipient or from a public source where the recipient made its number publicly available; and (3) the facsimile must include certain information in an opt-out notice to inform the recipient of the ability and means to avoid future unsolicited advertisements. *See* 47 U.S.C. § 227(b)(1)(C)(i)-(iii); 47 C.F.R. § 64.1200(a)(4)(i)-(iv).

15. The opt-out notice must (1) be "clear and conspicuous and on the first page of the advertisement"; (2) "state that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that **failure to comply, within 30 days, with such a request . . . is unlawful**"; (3) include **"[a] domestic contact telephone number and facsimile machine number for the recipient**

4

to transmit such a request to the sender," and "[i]f neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or email address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement." 47 C.F.R. § 64.1200(a)(4)(iii)(A)-(D) (emphasis added).

16. "The fact that Defendants may have obtained the fax numbers through a prior relationship with the class members or through voluntary consent does not eliminate the TCPA's opt-out notice requirement." *C-Mart, Inc. v. Metropolitan Life Ins. Co.*, No. 13-80561-CIV, 2014 U.S. Dist. LEXIS 13717, at *14 (S.D. Fl. Feb. 4, 2014) (citing *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013)).

17. "Even when the [TCPA] permits fax ads—as it does to persons who have consented to receive them, or to those who have established business relations with the sender—the fax must tell the recipient how to stop receiving future messages." *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013) (citing 47 U.S.C. § 227(b)(1)(C)(iii), (2)(D)).

18. "A facsimile broadcaster will be liable for violations of [Section 64.1200(a)(4)]. . . , including the inclusion of opt-out notices on unsolicited advertisements, if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200(a)(4)(vii).

19. The TCPA provides a private right of action to enjoin violations, to receive statutory damages of $500 for each such violation, or both such actions. 47 U.S.C. § 227(b)(3)(A)-(C).

20. For willful and knowing violations of the TCPA, the Court may award treble damages, i.e., up to $1,500 per violation. 47 U.S.C. § 227(b)(3).

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property or goods by or on behalf of Defendants, and (3) which did not display a proper opt-out notice.

22. Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

23. Plaintiff reserves the right to amend the class definition upon completion of discovery related to class-certification.

24. <u>Numerosity:</u> Plaintiff alleges that, on information and belief, Defendants sent the same or other substantially similar unsolicited facsimiles without the required opt-out language, from 47 C.F.R. § 64.1200(a)(4), to more than forty other persons or entities. Joinder of all Class members is impracticable.

25. <u>Commonality:</u> Common questions of law and fact apply to the claims of all Class members, including, but not limited to, the following:

6

a.  Whether Defendants sent unsolicited facsimile advertisements;

b.  Whether the facsimiles Defendants sent advertised the commercial availability of property or goods;

c.  Whether the facsimiles Defendants sent contained a TCPA-compliant "opt-out notice";

d.  The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent the Fax and other unsolicited facsimile advertisements;

e.  Whether Defendants sent unsolicited facsimile advertisements without first obtaining the recipients' prior express invitation or permission;

f.  Whether Defendants violated the TCPA;

g.  Whether Defendants should be enjoined from sending TCPA-violating facsimile advertisements in the future;

h.  Whether Plaintiff and the Class are entitled to statutory damages; and

i.  Whether the Court should award treble damages for Defendants' knowing and willful violations of the TCPA;

26.  **Typicality:** Plaintiff's claims are typical of the claims of all Class members. On information and belief, the Fax received by Plaintiff was substantially the same as the faxes sent by or on behalf of Defendants to the Class. Plaintiff is making the same claims and seeking the same relief for itself and all Class members based upon the same federal statute and federal regulation. Defendants have acted the same or in a similar manner with respect

7

to Plaintiff and all Class members by sending Plaintiff and each member of the Class faxes with the same TCPA violations.

27. <u>Adequacy:</u> Plaintiff will fully and adequately protect the interests of the members of the Class, does not have interests which are contrary to, or conflicting with, those interests for the Class, and has retained experienced and qualified counsel.

28. <u>Need for Consistent Standards and Practical Effect of Adjudication:</u> Class certification is appropriate because the prosecution of individual actions by Class members would (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendants and (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of Class members who are not parties.

29. <u>Common Conduct:</u> Class certification is appropriate because Defendants have acted and refused to act in the same or similar manner with respect to all Class members, thereby making injunctive and declaratory relief appropriate. Plaintiff demands such relief as authorized by Section 227(b)(3).

30. <u>Predominance and Superiority:</u> Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

   a. Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

   b. Evidence regarding defenses or any exceptions to liability that Defendants may assert and prove will come from Defendants' records

8

      and will not require individualized or separate inquiries or proceedings;

c.    Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d.    The amount likely to be recovered by individual Class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one case based upon common proofs; and

e.    This case is inherently manageable as a class action in that:

    (i)    Defendants identified persons or entities to receive the fax transmissions and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify Class members and establish liability and damages;

    (ii)    Liability and damages can be established for Plaintiff and the Class with the same common proofs;

    (iii)    Statutory damages under the TCPA are the same for all class members and can be calculated in the same or a similar manner;

    (iv)    A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

    (v)    A class action will contribute to uniformity of decisions concerning Defendants' practices; and

    (vi)    As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## CLAIM FOR RELIEF

31.    Defendants used a telephone facsimile machine to send the Fax to Plaintiff.

32.    Plaintiff received the Fax.

33.    The Fax is an unsolicited advertisement.

9

34. The Fax constitutes material advertising the commercial availability of property or goods.

35. Plaintiff had not provided prior express invitation or permission, in writing or otherwise, to Defendants to send the Fax.

36. The Fax consumed Plaintiff's ink or toner, paper, and time, thereby damaging Plaintiff.

37. Such time otherwise would have been spent on Plaintiff's business activities.

38. The Fax unlawfully interrupted Plaintiff's privacy interests in being left alone and in determining how to use Plaintiff's resources.

39. The injury and property damage sustained by Plaintiff and the other members of the Class from Defendants' sending advertisements occurred outside of Defendants' premises.

40. The Fax does not contain a proper opt-out notice under the TCPA.

41. The TCPA is a strict-liability statute; therefore, Defendants are liable to Plaintiff and to the Class even if Defendants' actions were only negligent.

42. But Defendants knew or should have known that (a) Plaintiff and Class had not given express invitation or permission for Defendants to send facsimile advertisements about Defendants' property, goods, or services; (b) Plaintiff and Class did not have an established business relationship with Defendants; (c) Defendants transmitted advertisements; (d) the Fax did not

10

contain the required opt-out notice; and (e) Defendants' transmission of advertisements that did not contain the required opt-out notice was unlawful.

WHEREFORE, Plaintiff Connector Castings, Inc., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant Screw Products, Inc. d/b/a Screw Products and John Does 1-10, jointly and severally, as follows:

   a. certify this action as a class action and appoint Plaintiff as Class representative;
   b. appoint the undersigned counsel as Class counsel;
   c. award damages of $500 per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);
   d. award treble damages up to $1,500 per facsimile pursuant to 47 U.S.C. § 227(a)(3);
   e. enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);
   f. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;
   g. award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;
   h. award Plaintiff prejudgment interest and costs; and
   i. grant Plaintiff all other relief deemed just and proper.

SCHULTZ & ASSOCIATES LLP

By: /s/ Ronald J. Eisenberg
Ronald J. Eisenberg, #48674
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO 63005-1221
(636) 537-4645
Fax: (636) 537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

1522-CC00252

# SCREW PRODUCTS

Ph: 214-630-9393
Ph: 800-876-5153
Fax: 214-630-9494
Fax: 800-746-2688

**ANCHORS**



**BOLTS**



**HARDWARE**



**NUTS**



**RIVETS**



**ROD & STUDS**



**SCREWS**

**SOCKETS**

**WASHERS**

## Start saving today!

### LOW PRICE GUARANTEE
**5% OFF** a valid competitor quote

### Great Service
100% Customer Satisfaction **GUARANTEED**

### HUGE SELECTION
Over **100,000** fasteners, hardware and related products

### **FREE FREIGHT** available - **FAST DELIVERY**
1 or 2 day delivery to most of the US and Canada

For **BIG DISCOUNTS**,
send quotes with estimated annual usages to
sales@screwproducts.com

**Warehouse Locations:**

**Ohio**
239 E Helena Street
Dayton, Ohio 45404
800-876-5153

**Texas**
1212 Dolton Drive, Ste 302
Dallas, TX 75207
800-876-5153

www.screwproducts.com

To be removed from future promotions, please fax REMOVE to 800-746-2688 with company name and fax number on top of page

Ex. 1

**1522-CC00252**

IN THE MISSOURI CIRCUIT COURT
FOR THE TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS

| | |
|---|---|
| CONNECTOR CASTINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| SCREW PRODUCTS, INC. d/b/a ) | Division: |
| SCREW PRODUCTS, et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Connector Castings, Inc., requests, under Missouri Supreme Court Rule 52.08, that this Court certify as a class action its case against Defendants Screw Products, Inc. d/b/a Screw Products for violation of the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (individually and collectively hereafter, "TCPA").

This case involves annoying unwanted junk faxes. Plaintiff seeks certification for the following Class of similarly situated persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property or goods by or on behalf of Defendants, and (3) which did not display a proper opt-out notice.

Plaintiff further requests that the Court appoint Plaintiff as the class representative and Schultz & Associates LLP as class counsel. In further support of this motion, Plaintiff states as follows:

1

Electronically Filed - City of St. Louis - February 02, 2015 - 02:29 PM

1. This action seeks class-wide redress for violations of the TCPA because Defendants sent TCPA-violating junk faxes to Plaintiff. "Class certification is normal in litigation under §227, because the main questions, such as whether a given fax is an advertisement, are common to all recipients." *Ira Holtzman, C.P.A., & Assocs. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013).

2. Plaintiff is filing this motion at this time to avoid any attempt by Defendants to "pick off" Plaintiff through an offer of judgment or individual settlement offer, as suggested by some court decisions. *See, e.g., Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011); Mo. S. Ct. R. 77.04 (offer of judgment); *Sandusky Wellness Ctr. LLC v. Co. v. Medtox Scientific*, No. 12-2066, 2015 U.S. Dist. LEXIS 9113, at **4-6 (D. Minn. Jan. 27, 2015) (granting summary judgment in TCPA case because settlement offer mooted claims); *Goans Acquisition, Inc. v. Merchant Solutions, LLC*, 2013 WL 5408460, at **6-7 (W.D. Mo. Sept. 26, 2013) (granting dismissal of putative class action after defendant's offer of judgment). *But see Alpern v. UtiliCorp. United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("Judgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been properly denied and the offer satisfies the representative's entire demand for injuries and cost of the suit.")); *Prater v. Medicredit, Inc.*, 301 F.R.D. 398, 400 (E.D. Mo. 2014). Magistrate Judge Terry Adelman of the United States District Court for the Eastern District of Missouri rejected a pick-off attempt, but cautioned that "in future cases, putative class action plaintiffs would be wise to immediately file such motions [for class certification] to protect the class from similar motions to dismiss based on offers of judgment." *March v. Medicredit, Inc.*, No. 4:13CV1210 TIA, 2013 U.S. Dist. LEXIS 171126, at **10-11 (E.D. Mo. Dec. 4, 2013). Plaintiff heeded such advice. Although

2

Plaintiff has not yet had an opportunity to conduct discovery, Plaintiff intends to do so and to file an amended or supplemental motion for class certification thereafter. Therefore, Plaintiff requests that the Court stay ruling on this motion and that the Court allow Plaintiff to amend or supplement.

3. All prerequisites of Rule 52.08 for class certification have been met.

4. Numerosity. Given the nature of the Fax identified in the Class Action Petition, which appear to be a form document, it is apparent that Defendants did not create the sophisticated Fax solely to send it to Plaintiff but rather used it as part of their much broader advertising campaign. Plaintiff alleged that, on information and belief, Defendants sent the same or other substantially similar unsolicited facsimiles without the required opt-out language, from 47 C.F.R. § 64.1200(a)(4), to more than forty other persons or entities and that joinder of all Class members is impracticable. "Class certifications have been upheld where the class is composed of 100 or even less." *Dale v. DaimlerChrysler Corp.*, 204 S.W.3d 151, 168 (Mo. Ct. App. W.D. 2006) (citing cases in which 18, 19, 25, 51, 72, 92 class members were sufficient). Numerosity is satisfied and joinder is impracticable given the large number of class members. *See* Mo. S. Ct. R. 52.08(a)(1).

5. Commonality and Predominance: There is a well-defined commonality of interest and common questions of law and fact that predominate over any questions affecting individual members of the Class, including, but not limited to, the following:

    a. Whether Defendants sent unsolicited facsimile advertisements;

    b. Whether the facsimiles Defendants sent advertised the commercial availability of any property or goods;

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The above-signed certifies that this motion was filed through the eFiling system on February 2, 2015.

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the Clerk of the Court and all counsel of record via electronic filing on July 10, 2015.

/s/ Eric L. Samore